UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | * | |
| IN RE: MOVEIT CUSTOMER DATA | * | |
| SECURITY BREACH LITIGATION | * | |
| | * | |
| This Document Relates To: | * | |
| | * | |
| No. 1:23-cv-12436-ADB | * | MDL No. 1:23-md-03083-ADB-PGL |
| No. 1:23-cv-12438-ADB | * | |
| No. 1:23-cv-12922-ADB | * | |
| No. 1:23-cv-13072-ADB | * | |
| No. 1:23-cv-13231-ADB | * | |
| No. 1:24-cv-10035-ADB | * | |

**MDL Order No. 20**
(Home-State Exception to the Class Action Fairness Act)

Union Bank and Trust ("UBT"), Greater Rochester Independent Practice Association ("GRIPA"), and Performance Health Technology Ltd. ("PHT," and collectively with UBT and GRIPA, the "Moving Defendants"), have moved to dismiss the complaints in the cases identified above under the home-state exception to the Class Action Fairness Act ("CAFA") and Rule 12(b)(1) of the Federal Rules of Civil Procedure.  [ECF Nos. 926–28, 930].  Plaintiffs oppose, [ECF No. 1034], and move for leave to amend three of the relevant complaints to address one of the defects that forms the basis of the motion to dismiss, [ECF No. 1035].  For the reasons that follow, Plaintiffs' Motion is **GRANTED**, and Moving Defendants' motion is **DENIED**.

I.  **BACKGROUND**

The Court assumes the parties' familiarity with the factual allegations and procedural history applicable to this MDL and therefore focuses only on the procedural facts necessary to

decide the pending motions. The pending motions arise in connection with the following six cases transferred to or directly filed in this MDL:

| MDL Case | Named Defendant(s) (Domicile) | Original Forum |
|---|---|---|
| Scott v. Union Bank & Tr., No. 23-cv-12436 | UBT (Neb.) | Nebraska |
| Clarke v. Progress Software Corp., No. 23-cv-13231 | GRIPA (N.Y.) Progress (Mass.) | New York |
| Konish v. Greater Rochester Indep. Prac. Ass'n, No. 23-cv-12922 | GRIPA (N.Y.) Progress (Mass.) | Massachusetts |
| Malo v. Performance Health Tech., No. 23-cv-12438 | PHT (Or.) | Oregon |
| Canterbury v. Performance Health Tech., No. 24-cv-10035 | PHT (Or.) | Oregon |
| Frazier v. Progress Software Corp., No. 23-cv-13072 | PHT (Or.) Progress (Mass.) | Massachusetts |

On April 25, 2024, this Court entered MDL Order No. 13, which scheduled the briefing of motions to dismiss for lack of subject-matter jurisdiction and related threshold issues, including whether the above-listed cases should be remanded and/or dismissed under the home-state exception to CAFA. [ECF No. 874]. Per that order, Moving Defendants filed a joint motion to dismiss under the home-state exception, [ECF Nos. 925–26], along with Defendant-specific supplemental motions, see [ECF Nos. 927–28, 930], on June 3, 2024.

Plaintiffs opposed on July 3, 2024, [ECF No. 1034], and Moving Defendants jointly replied on July 26, 2024, [ECF No. 1127]. On the day that Plaintiffs filed their opposition, Plaintiffs also moved for leave to amend three of the complaints (in Scott, Malo, and Canterbury) to name Progress as an additional defendant. [ECF No. 1035–36]. Moving Defendants opposed that motion on July 26, 2024. [ECF No. 1128]. With the Court's leave, Plaintiffs sur-replied to both the CAFA reply and the opposition to their motion to amend on August 23, 2024. [ECF

No. 1164]. The Court heard oral argument on the instant motions on September 5, 2024. [ECF No. 1205].

## II. LEGAL STANDARD

### A. Motion for Leave to Amend (Rule 15(a)(2))

Plaintiffs Scott, Malo, and Canterbury are not entitled to amend as of right and may amend only with the consent of the opposing party or the Court's leave, as set forth in Rule 15(a)(2). "[R]equests for leave to amend are normally evaluated under Rule 15(a)'s leave freely given standard," U.S. ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 194 (1st Cir. 2015), which directs that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). "The limited reasons for denying a pre-judgment motion to amend include 'undue delay, bad faith, futility and the absence of due diligence on the movant's part.'" Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (citation omitted). If the amendment seeks to join a new party, "the motion is technically governed by Rule 21, which provides that 'the court may, at any time, on just terms, add or drop a party.'" Sharp v. Deutsche Bank Nat'l Tr. Co., No. 14-cv-00369, 2015 WL 4771291, at *3 (D.N.H. Aug. 11, 2015) (citation omitted). "[T]he 'spirit of the rule' dictates a preference for decisions 'on the merits, not because of missteps by counsel in pleading.'" J.S. McCarthy Co. v. Braus Diecutting & Converting Equip. Co., 226 F.R.D. 14, 17 (D. Me. 2005) (citation omitted).

### B. Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Rule 12(b)(1))

In general, when evaluating a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court must determine whether the facts as alleged in the complaint, "taken at face value," support subject-matter jurisdiction. Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). When evaluating a Rule 12(b)(1) motion, courts "apply the same

plausibility standard [used] to evaluate a motion under Rule 12(b)(6)." Gustavsen v. Alcon Lab'ys, 903 F.3d 1, 7 (1st Cir. 2018). The Court must therefore "accept the factual averments of the complaints as true, and construe those facts in the light most congenial to [Plaintiffs'] cause." Royal v. Leading Edge Prods., 833 F.2d 1, 1 (1st Cir. 1987) (alterations omitted).

Additional principles apply to the Court's review of a motion to dismiss under the home-state exception to CAFA. Although ordinarily, "a plaintiff who seeks to bring her suit in a federal forum bears the burden" of establishing subject-matter jurisdiction, Klimowicz v. Deutche Bank Nat'l Tr. Co., 907 F.3d 61, 64 (1st Cir. 2018), a party asserting the home-state exception bears the burden of proving the exception applies, see McMorris v. TJX Cos., 493 F. Supp. 2d 158, 165 (D. Mass. 2007); Dutcher v. Matheson, 840 F.3d 1183, 1194 (10th Cir. 2016); Mack v. Wells Fargo Bank, N.A., No. 11-cv-40020, 2011 WL 1344194, at *5 n.7 (D. Mass. Apr. 8, 2011). "Dismissal can be justified only if it clearly appears that no colorable hook exists upon which subject matter jurisdiction can be hung." Royal, 833 F.2d at 1; cf. Standard Fire Ins. v. Knowles, 568 U.S. 588, 595 (2013) (rejecting interpretation of CAFA that would "exalt form over substance" and impede congressional objective of "ensuring '[f]ederal court consideration of interstate cases of national importance.'" (citation omitted)).

## III. DISCUSSION

### A. Motion to Amend

Moving Defendants oppose Plaintiffs' motion to amend on grounds of futility and timeliness. At the outset, Moving Defendants contend that Plaintiffs' motion is futile because it seeks to modify the Court's jurisdiction by joining Progress as a defendant. [ECF No. 1128 at 8–9]. They argue that because federal jurisdiction is "determined based on whether it existed at the time the plaintiff filed the original complaint," U.S. ex rel. Est. of Cunningham v. Millennium

Lab'ys of Cal., Inc., 713 F.3d 662, 669 (1st Cir. 2013), and a "lack of diversity jurisdiction cannot be remedied by amendment of the complaint because amendment cannot be used to 'retroactively create jurisdiction,'" Cooper v. United Servs. Auto. Ass'n, No. 22-cv-04290, 2023 WL 9120352, at *2 (W.D. La. Dec. 18, 2023) (quoting Whitmire v. Victus Ltd., 212 F.3d 885, 890 (5th Cir. 2000)), report and recommendation adopted by 2024 WL 86884 (W.D. La. Jan. 8, 2024), the Court would still be bound to dismiss the cases under the home-state exception even if the amendments were allowed, thereby rendering amending futile. See [ECF No. 1128 at 8–9]; CrossFit, Inc. v. Mustapha, No. 13-cv-11498, 2014 WL 12644302, at *1 (D. Mass. Apr. 30, 2014) ("If the proposed amendment would not survive a motion to dismiss, the amendment would be futile.").

Moving Defendants' argument mistakenly assumes that because "CAFA jurisdiction is an extension of diversity jurisdiction and, thus, cannot be created via amendment," [ECF No. 1128 at 9], the same is true of CAFA's home-state exception. It is true that CAFA itself constitutes a statutory grant of diversity jurisdiction to federal district courts. See Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 438 (2019) ("CAFA provides district courts with jurisdiction over 'class action[s]' in which the matter in controversy exceeds $5,000,000 and at least one class member is a citizen of a State different from the defendant." (alteration in original) (quoting 28 U.S.C. § 1332(d)(2)(A))). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of parties (no plaintiff can be a citizen of the same state as any defendant) and an amount in controversy greater than $75,000. CAFA, by contrast, permits federal district courts to exercise jurisdiction so long as at least one plaintiff and one defendant are diverse from each other, the class has 100 or more members, and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2)(A), (5)(B).

Although CAFA's grant of authority is plainly jurisdictional, as Plaintiffs point out, courts of appeals have consistently interpreted its exceptions, including the home-state exception, as mandatory but non-jurisdictional limitations on the exercise of federal authority.[1] See [ECF No. 1164 at 2–4 & nn.1–2].  The CAFA home-state and local-controversy exceptions "require federal courts — although they have jurisdiction under § 1332(d)(2) — to 'decline to exercise jurisdiction' when the criteria set forth in those provisions are met." Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1023 (9th Cir. 2007) (emphases omitted); see also Gold v. N.Y. Life Ins. Co., 730 F.3d 137, 142 (2d Cir. 2013) ("Congress's use of the term 'decline to exercise' means that the exception is not jurisdictional."); Graphic Commc'ns Loc. 1B Health & Welfare Fund "A" v. CVS Caremark Corp., 636 F.3d 971, 973 (8th Cir. 2011) (same).  The home-state exception is "not part of the prima facie elements of jurisdiction," Serrano, 478 F.3d at 1023, and "does not itself diminish federal jurisdiction," but merely directs courts' exercise of "jurisdiction otherwise present," Morrison v. YTB Int'l, Inc., 649 F.3d 533, 536 (7th Cir. 2011).  Consequently, the Court disagrees with Moving Defendants' futility contention.  Even if Plaintiffs' amendments would remove the affected cases from the scope of the home-state exception, doing so would not "create jurisdiction" because, as the cited cases indicate, diversity jurisdiction exists irrespective of whether the non-jurisdictional (though mandatory) home-state exception applies.

Moving Defendants also contend that two cases, Benko v. Quality Loan Service Corp., 789 F.3d 1111 (9th Cir. 2015) and Ching v. Mitre Corp., 921 F.2d 11 (1st Cir. 1990), compel a ruling in their favor.  Neither case aids their argument.

---

[1] Congress can (and does) prescribe "nonjurisdictional but mandatory" rules governing the processing of claims in federal court.  Santos-Zacaria v. Garland, 598 U.S. 411, 421 (2023).

Moving Defendants contend that Benko supports the notion that "when a plaintiff files a state action and the defendant removes it under CAFA, federal courts may consider amended pleadings that merely 'clarify' whether the operative state complaint at the time of removal justifies the exercise of CAFA jurisdiction." [ECF No. 1128 at 9 (quoting 789 F.3d at 1117)]. It is the Moving Defendants, however, and not the Ninth Circuit, who insert the word "merely" before "clarify." The Ninth Circuit had no occasion to consider any other sort of amendment, apart from a clarifying one. Benko involved an appeal from a remand order based on the local-controversy exception (not the home-state exception), in which the Ninth Circuit held that "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA." 789 F.3d at 1117. The Ninth's Circuit's holding reflected the practical reality that "a complaint originally drafted for state court . . . may not address CAFA-specific issues, such as the local controversy exception," and "[b]y amending their complaint in these circumstances, plaintiffs can provide a federal court with the information required to determine whether" and to what extent CAFA applies. Id.

In Benko, the proposed amended allegations consisted of "estimates of the percentage of total claims asserted against Meridian, an in-state Defendant, and the dollar value of those claims" as needed to determine the applicability of the local-controversy exception.[2] 789 F.3d at 1117. The facts in Benko did not require the Ninth Circuit to address any question about amending a complaint to add an additional defendant. On the contrary, the relevant party,

---

[2] "The local controversy exception requires federal courts to 'decline to exercise jurisdiction . . . over a class action in which,'" in relevant part, "a local defendant's 'alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class.'" Kress Stores of P.R., Inc. v. Wal-Mart P.R., Inc., 121 F.4th 228, 238 (1st Cir. 2024) (per curiam) (alteration in original) (quoting 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb)).

7

Meridian, was already a defendant, and the question in Benko was whether the court could consider amended allegations that quantified the claims against Meridian. In keeping with the liberal standards of Rule 15(a), the Ninth Circuit permitted consideration of such amendments. But its comment that such amendments (permissibly) served, in that case, to "clarify" cannot be read to suggest any view about amendments that do more than "clarify" (such as the present motion to add an additional defendant).

The First Circuit's decision in Ching is also irrelevant to the present analysis. In Ching, the plaintiff in a discrimination case that had been removed from state court sought to defeat federal jurisdiction by striking all federal claims from his complaint. See 921 F.2d at 13. The First Circuit held that because the district court retained federal question jurisdiction, it had not abused its discretion by declining to remand the remaining state claims despite the lack of a federal claim. Id. "An amendment to a complaint after removal designed to eliminate the federal claim [does] not defeat federal jurisdiction," so "the district court properly determined the nature of Ching's claims from the face of the complaint as it stood at the time the petition for removal was filed." Id. The ruling in Ching (which addresses the parameters of federal subject-matter jurisdiction) has no bearing on the matter at bar, which, as the Court has already explained, does not involve jurisdictional questions; here, CAFA jurisdiction is satisfied based on the originally filed complaints. Cf. Maysonet-Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir. 2003) (indicating the key jurisdictional holding in Ching was that subject-matter jurisdiction "attaches at the time when the action is commenced and cannot be ousted by later developments"). The issue before the Court turns only on the non-jurisdictional (though mandatory) home-state exception.

Moving Defendants' remaining objections center on undue delay, bad faith, and prejudice, and boil down to the contention that Plaintiffs have engaged in improper sandbagging. UBT, GRIPA, and PHT contend that Plaintiffs had known for months that Moving Defendants would seek to dismiss the relevant cases under CAFA and yet failed to seek leave to amend prior to the deadline for CAFA motions. [ECF No. 1128 at 14–15]. But "delay alone is not a sufficient basis for denying leave to amend," although "undue delay assuredly is." Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 37 (1st Cir. 2022). Moving Defendants point to little to explain why this delay was "undue," i.e., "substantial and unjustified." Id. "Ascertaining whether a delay is 'undue' is not simply a matter of counting days but, rather, depends on the 'totality of the circumstances' in the particular case." Id. (citation omitted). Here, seeking leave to amend on the date Plaintiffs' opposition to a motion to dismiss was due does not constitute undue delay under the circumstances (and is in fact common), nor does it bespeak bad faith.

In any case, amendment would not be unfairly prejudicial to the Moving Defendants. In the cases where Progress is already a named defendant, Moving Defendants' home-state exception briefing advances the same arguments they have already presented in seeking CAFA-based dismissal of the amended complaints — i.e., that Progress is not a primary defendant. Nor did Plaintiffs' timing violate MDL Order No. 13 or any other scheduling order related to amendment, let alone in a way that would cause prejudice or contravene the Court's guidance.[3]

---

[3] Although Moving Defendants' opposition to the Motion to Amend contends that "MDL Order No. 13 set forth a clear deadline for operative complaints," and that Plaintiffs' proposed amendments violate that deadline, Moving Defendants are wrong. [ECF No. 1128 at 17]. Order 13's instruction concerning amendment pertained only to allegations relevant to Defendants' motion to dismiss for lack of standing, and was silent as to amendments that pertain to the CAFA motion. [ECF No. 874 at 1–2, 4]. In any event, if Moving Defendants believed that Plaintiffs'

9

Plaintiffs' Motion for Leave to Amend, [ECF No. 1035], is therefore **GRANTED**. Due to the absence of prejudice, Moving Defendants' request to re-brief the CAFA motion is **DENIED**.

### B. CAFA Home-State Exception

CAFA extends federal jurisdiction to "class actions satisfying the statute's amount in controversy and minimal diversity requirements," subject to exceptions. In re Hannaford Bros. Co. Customer Data Sec. Breach Litig., 564 F.3d 75, 77 (1st Cir. 2009).[4] Moving Defendants contend that CAFA's home-state exception requires the Court not to exercise federal jurisdiction over certain of the claims in this case. The exception directs district courts to "decline to exercise [CAFA] jurisdiction" if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate**,** and the primary defendants**,** are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

The parties to this motion agree that the corporate domiciles of UBT, GRIPA, and PHT are Nebraska, New York, and Oregon, respectively, and that Progress's corporate domicile is Massachusetts. In addition, no party questions that UBT, GRIPA, and PHT qualify as "primary defendants" under CAFA. The Moving Defendants (who carry the burden on this question) contend that the home-state exception should apply because more than two-thirds of the prospective classes in each case are citizens of the same state as all primary defendants. [ECF

---

requests to amend were "in derogation of a scheduling order," Defendants should have argued that "Rule 16(b)'s more stringent good cause standard" should apply, rather than "Rule 15(a)'s leave freely given standard." D'Agostino, 802 F.3d at 194. Instead, they concede that the Rule 15 standard applies here. See [ECF No. 1128 at 7].

[4] The Court elects to "bypass the preliminary question of whether the requisite minimal diversity exists here for jurisdiction under 28 U.S.C. § 1332(d)(2) and consider only whether CAFA's home state exception applies." Hannaford, 564 F.3d at 77 n.1. The Court's Article III jurisdiction to hear this case is the subject of MDL Order No. 19. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–94 (1998).

No. 926 at 5–6]. Key to this argument is their contention that Progress is not a "primary defendant" within the meaning of CAFA. [Id. at 6–9]. Plaintiffs argue that the exception is inapplicable for three independent reasons. First, they maintain that Progress is a "primary defendant" under CAFA. [ECF No. 1034 at 5–13]. Second, they contend that the home-state exception is inapplicable to the Massachusetts-filed cases. [Id. at 13–14]. Third, they argue that Moving Defendants have not shown with the requisite degree of proof that they are citizens of the same state as two thirds of the putative class members. [Id. at 14–19]. Because the Court agrees that the home-state exception cannot apply based on Plaintiffs' first and second contentions, it declines to reach their third.

### i. Whether Progress is a primary defendant under CAFA.

The First Circuit recently joined other circuits in holding that the statutory text of CAFA "requires that <u>all</u> primary defendants be citizens of the [state where the action was originally filed]" for the home exception to apply. <u>Kress Stores of P.R., Inc. v. Wal-Mart P.R., Inc.</u>, 121 F.4th 228, 236 (1st Cir. 2024) (per curiam). Plaintiffs and Moving Defendants agree that UBT, GRIPA, and PHT are primary defendants and citizens of the states where the complaints in <u>Scott</u> and <u>Clarke</u> (Nebraska), <u>Malo</u> (New York), and <u>Canterbury</u> (Oregon), were originally filed. Progress is a citizen of Massachusetts. This means that if Progress qualifies as a primary defendant, the home-state exception would not apply to these cases.

The First Circuit recently expounded on the meaning of "primary defendant" under CAFA. <u>See</u> <u>Kress Stores</u>, 121 F.4th at 236–37.[5] In <u>Kress</u>, The First Circuit affirmed a district court's application of the multi-factor standard set forth by the Ninth Circuit, under which Courts

---

[5] The decision in <u>Kress Stores</u> drew a partial dissent as to a separate question regarding misjoinder, but the court was unanimous as to the application of the home-state exception. <u>See</u> 121 F.4th at 249 (Hamilton, J., concurring in part and dissenting in part).

11

inquire "whether a defendant is a 'principal,' 'fundamental,' or 'direct' defendant." Id. at 236–37 & n.3 (first level quotation marks omitted) (quoting Singh v. Am. Honda Fin. Corp., 925 F.3d 1053, 1068 (9th Cir. 2019)). A court applying Kress Stores "should first assume that all defendants will be found liable." Id. at 236–37 (quoting Singh, 925 F.3d at 1068). Two factors may then serve as guideposts for whether a defendant is "primary," although they should not be applied "mechanistically" and are not exhaustive: (1) "whether the defendant is sued directly or alleged to be directly responsible for the harm to the proposed class or classes, as opposed to being vicariously or secondarily liable," and (2) "the defendant's potential exposure to the class relative to the exposure of other defendants." Id. at 237 (citation omitted). This approach broadly accords with pre-Kress authority from other circuits to which both parties cite. See, e.g., Vodenichar v. Halcon Energy Props., Inc., 733 F.3d 497, 505–06 (3d Cir. 2013); Sudholt v. Country Mut. Ins. Co., 83 F.4th 621, 629 (7th Cir. 2023); Madison v. ADT, LLC, 11 F.4th 325, 327–28 (5th Cir. 2021); Hunter v. City of Montgomery, 859 F.3d 1329, 1336–37 (11th Cir. 2017). Moving Defendants, as the side invoking the exception, bear the burden on both factors. Serrano, 478 F.3d at 1024 ("[T]he objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)."); accord Kress Stores, 121 F.4th at 237.

On the first factor, the Scott, Clarke, Malo, and Canterbury complaints allege direct liability against Progress under Kress Stores and Singh. The Moving Defendants go so far as to suggest that "Progress is a nominal defendant because its presence in these lawsuits is of little to no legal or practical significance." [ECF No. 926 at 2]. Accepting Moving Defendants' contention that Progress is, at best, vicariously or secondarily liable presumes that Progress's potential exposure hinges on a preliminary finding of unlawful conduct by UBT, GRIPA, and

PHT. Cf. Singh, 925 F.3d at 1069 ("AHFC's liability depends on a 'threshold finding' that the Dealership Defendants acted unlawfully, demonstrating that AHFC is a secondary defendant."). Plaintiffs, however, do not allege merely that Progress was a passive participant in, or beneficiary of, the conduct that allegedly caused Plaintiffs' injuries. Nor do Plaintiffs' allegations treat Progress as a "third-party non-wrongdoer[]" who passively reaped the benefit of others' legal violations. Cf. SEC v. Sanchez-Diaz, 88 F.4th 81, 87 (1st Cir. 2023) (describing nominal "relief" defendants in the context of SEC civil enforcement); Singh, 925 F.3d at 1069 (holding AHFC was a secondary defendant, in part, because "AHFC's alleged liability stems from permitting this conduct and benefitting from it in the form of additional interest payments"). Instead, Plaintiffs allege that Progress shares "responsib[ility] for the direct harm" to Plaintiffs because Progress was, along with the other defendants, entrusted with the protection of information processed via MOVEit Transfer. Singh, 925 F.3d at 1069. Rather than being a mere nominal defendant, the complaints allege that Progress is directly liable to Plaintiffs.

As to Progress's comparative exposure to liability, Moving Defendants contend that "Progress's actual contribution to any judgment or settlement" in any of the cases subject to this motion "will be exceedingly limited" given the sheer number of cases in which it is exposed to potential liability, so only the Moving Defendants, who assume they would be liable for the balance, should be considered as primary defendants. [ECF No. 926 at 8–9]. Moving Defendants believe the estimated cost of the MOVEit breach to be six times Progress's gross market capitalization.[6] [Id. at 8]. Their argument mistakenly relies on the idea that Progress may be deemed a primary defendant only if it "would be expected to incur most of the loss if

---

[6] The Court does not endorse these figures, which Defendants report that they drew from Internet sources. Likewise, the Court takes no position on any factual question concerning the potential scope or liability stemming from the breach.

liability is found." [Id. (quoting Manson v. GMAC Mortg., LLC, 602 F. Supp. 2d 289, 296 (D. Mass. 2009))]. Although in some circumstances, the defendant with "the deepest pocket in the case" may be the sole primary defendant, Sudholt, 83 F.4th at 629, the First Circuit in Kress Stores rejected the notion that "only one defendant, the one with the single greatest exposure, can be 'primary.'"[7] Kress Stores, 121 F.4th at 237; see also id. (cautioning against applying the Singh factors "mechanistically" (citation omitted)). Moving Defendants offer no other analysis that could carry their burden on the home-state exception.[8] Accordingly, the Court concludes that Progress is a primary defendant, and Moving Defendants' motion is **DENIED** as to the Scott, Clarke, Malo, and Canterbury cases.

### ii. Whether the home-state exception applies to the D. Mass.-filed cases.

In the two Massachusetts-filed cases for which GRIPA and PHT seek remand,[9] Plaintiffs challenge the relevance of the home-state exception on the ground that, irrespective of whether Progress is a primary defendant, GRIPA and PHT's status as New York and Oregon citizens and primary defendants means that not all primary defendants are citizens of the state in which the

---

[7] In Kress Stores the underlying findings on financial exposure were supported by expert testimony in contrast to the internet sources cited by Moving Defendants; even so, the court of appeals rejected the movant's attempt to reduce the primary-defendant analysis to a mere forecast of comparative liability. See 121 F.4th at 237.

[8] The Court agrees with Moving Defendants that Plaintiffs' arguments concerning the JPML's characterization of Progress's role bear minimal relevance in analyzing the home-state exception, [ECF No. 1127 at 11], but this defensive argument does not carry Moving Defendants' affirmative burden to show that the home-state exception applies. Likewise, the Court agrees that Plaintiffs' general arguments concerning the role of Progress in the broader allegations of the MDL do not provide necessary case-specific reasons for not applying the home-state exception. [Id. at 12–13]. Nevertheless, Moving Defendants' proposal to evaluate comparative liability is foreclosed as a matter of law by the binding ruling in Kress Stores. Paired with the Court's analysis of the first factor under Kress Stores, see supra, the deficiency of their argument on the second factor means Moving Defendants have failed to present any argument that can carry their burden to show that the home-state exception should apply.

[9] The cases are Konish v. GRIPA, No. 23-cv-12922 (D. Mass.) and Frazier v. Progress Software Corp., No. 23-cv-13072 (D. Mass.).

14

action was originally filed.  [ECF No. 1034 at 13–14].  Plaintiffs have it right.  In fact, Moving Defendants make no argument as to how the exception could apply under these circumstances.  Rather, their sole response amounts to a challenge to this Court's personal jurisdiction over PHT and GRIPA.  [ECF No. 1127 at 14–15 & nn.7–8].  This Court does not consider new arguments raised for the first time in reply briefs absent extraordinary circumstances.  See, e.g., WNAC, LLC v. Verizon Corp. Servs. Grp., No. 21-cv-10750, 2024 WL 778794, at *7 (D. Mass. Feb. 26, 2024); Smith v. Liberty Mut. Ins. Co., No. 20-cv-11583, 2021 WL 1581017, at *3 (D. Mass. Apr. 22, 2021).  The reasons for doing so, including fairness and efficiency, apply with particular force when the late-raised issue purports to assail the sufficiency of personal jurisdiction, since generally, "a defendant 'wishing to raise' a problem with personal jurisdiction 'must do so in their first defensive move.'"  SEC v. Gastauer, 93 F.4th 1, 6 (1st Cir. 2024) (citation omitted).  Moreover, as moving Defendants acknowledge, see [ECF No. 1127 at 14 n.7], the Court has made clear that defendants in this MDL will be permitted to address defects in personal jurisdiction in a later round of Rule 12 briefing.  Thus, Moving Defendants' personal jurisdiction argument is, at the same time, both belated and premature.  The Court will respect Moving Defendants' preservation of their right to seek dismissal for lack of personal jurisdictional under Rule 12(b)(2) after the Court sets a schedule for such briefing, but declines to consider personal jurisdiction challenges now.

Moving Defendants' Motion is **DENIED** as to the Konish and Frazier cases.

IV.  **CONCLUSION**

Plaintiffs' Motion is **GRANTED** and Moving Defendants' Motion is **DENIED**.

**SO ORDERED.**

December 11, 2024                                           /s/ Allison D. Burroughs
                                                                              ALLISON D. BURROUGHS

15

U.S. DISTRICT JUDGE